THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LIONEL BELL, Defendant-Appellant.

First District (6th Division)   No. 1—92—0539

Opinion filed August 27, 1993.

Rita A. Fry, Public Defender, of Chicago (Renee C. Graham, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Linda Woloshin, and Marci Lubin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GIANNIS delivered the opinion of the court:

Defendant, Lionel Bell, was charged with three counts of aggravated criminal sexual assault and one count of aggravated criminal sexual abuse. After a bench trial, the trial court found him guilty of all four counts. The court then sentenced him to a term of nine years. On appeal, defendant contends that the State failed to prove the element of penetration necessary to the offense of aggravated criminal sexual assault. We agree.

The five-year-old complainant, U.H., testified that she lived with her mother and her 7- and 11-year-old brothers. Complainant called her vagina "kitty cat." Defendant and complainant were on the bed in her mother's room when she testified that he touched her "kitty cat." Both were wearing shorts. No one else touched complainant's "kitty cat." Complainant did not tell her mother, who she feared would spank her. After complainant experienced pain during urina-

tion, her mother inspected her vagina and applied ointment before taking her to the hospital.

Complainant's mother testified that on March 23, 1991, she, her two sons and complainant lived with defendant at 1239 South Racine in Chicago. On March 26, 1991, complainant screamed while trying to urinate. When the mother entered the bathroom, complainant stated that her "kitty cat" hurt. Complainant's mother observed redness and small bumps on complainant's vagina and applied Vaseline to it before taking her to the clinic where she spoke to the doctor and police. Complainant never had this problem in the past. In rebuttal, complainant's mother denied that her children bathed together or that she ever disciplined either of her sons for touching complainant's vagina or inappropriately embracing her. The children shared a bedroom but each slept separately on the living room sofa, floor or bed. She admitted that she and defendant discussed his proposed job relocation but denied that she filed this complaint in retaliation.

The testimony of Officer Adeline Raducha and Assistant State's Attorney Lauren Freeman was substantially similar. Officer Raducha testified that she first advised defendant of his *Miranda* rights when she interviewed him with attorney Freeman. Defendant initially denied involvement with complainant. Defendant explained that he was tired when he and complainant's mother returned from Easter shopping so he went to the bedroom to rest. However, complainant wanted to play so they then wrestled, and he may have accidentally touched her vagina. Defendant denied any intent to molest her. At the close of the interview, defendant put his head into his hands, cried and apologized for making a mistake. Attorney Freeman added that defendant first denied ever being alone with complainant or touching her and that she advised defendant of his *Miranda* rights and her office.

Dr. Felismeno Kintanar, a pediatrician, testified that on March 26, 1991, he examined complainant pursuant to a claim of suspected sexual abuse. He found that she had erythemal congestion or unusual redness around her vagina and suffered dysuria or pain when urinating. He stated that it was possible that this could have resulted from an object such as an adult finger being inserted into her vagina. But it was also possible that the cause was insertion of complainant's finger or a urinary tract infection or tight clothing. Complainant tested negative for sexually transmitted diseases and urinary tract infection. The doctor also observed no lacerations to the vaginal area.

Defendant testified that during the morning on March 23, 1991, he was paid at work, then he took complainant's mother shopping. When they returned to the apartment in the afternoon, he proceeded to the bedroom to rest and change into gym shorts and a shirt. Complainant and her brothers then entered the bedroom and wrestled with defendant until he lay down to rest. After the children left the room, complainant returned and resumed wrestling with defendant. During their play he swung complainant while holding her thigh and chest and at this point his hand may have slipped, but he never touched complainant under her clothing. Later that evening complainant's mother became upset when defendant informed her of his job transfer to Texas and that he was taking the household furnishings and clothing he purchased. Defendant added that the children bathed and slept together and that their mother reprimanded her son for inappropriately embracing and touching complainant. He further indicated that complainant's mother previously treated complainant with Vaseline when her brother touched her vagina.

Defendant contends that the State's evidence failed to establish the penetration which is an element of the form of aggravated criminal sexual assault of which defendant was convicted. Defendant was charged with having inserted his finger into the vagina of the young victim in violation of section 12—14(b)(1) of the Criminal Code of 1961, which provides:

> "The accused commits aggravated criminal sexual assault if:
>
> (1) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed." Ill. Rev. Stat. 1991, ch. 38, par. 12—14(b)(1).

Sexual penetration is statutorily defined as:

> "any contact, however slight, between the sex organ of one person and the sex organ, mouth or anus of another person, *or any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person.*" (Emphasis added.) Ill. Rev. Stat. 1991, ch. 38, par. 12—12(f).

The evidence in this cause failed to establish that there was any intrusion by defendant into the vaginal area of the complainant. Complainant testified only that, at a time when she was wearing shorts, defendant touched her vaginal area, which she called her "kitty cat." The State stresses the medical testimony concerning

redness around complainant's vagina and her pain when urinating. But Dr. Kintanar's testimony concerning the cause of this condition was equivocal. The doctor testified that this condition could have been caused by the insertion of an adult finger. But he also testified that it could have been caused by tight clothing or by a urinary tract infection or by complainant inserting her own finger. The doctor made no evaluation of the probability of any one of these causes, although it was established that complainant had no urinary tract infection three days after the alleged molestation.

Defendant's statement to the police, and his trial testimony, established only that he may have accidentally touched the area of complainant's vagina through her clothing while playing with her.

The statute unambiguously requires that if the touching was allegedly by a body part such as a finger, or by a foreign object there must have been some slight intrusion into complainant's vaginal area in order to establish the commission of a criminal sexual assault. (*People v. Kelly* (1989), 185 Ill. App. 3d 43, 51-52, 540 N.E.2d 1125; *People v. Thomas* (1992), 234 Ill. App. 3d 819, 823-24, 602 N.E.2d 1.) Thus in *Kelly*, one complainant's statement that defendant had "poked" her vagina with his finger and a second complainant's testimony that defendant had "touched" her in her "naughty place" were held insufficient to establish the penetration required for aggravated criminal sexual assault, thus requiring reversal of defendant's conviction for that offense. In *Thomas* the complainant testified that defendant had pushed on a stick which had been placed between her legs, causing the stick to "hit" her vagina. This testimony was deemed insufficient to establish an intrusion into the complainant's vagina and therefore defendant's conviction of aggravated criminal sexual assault was vacated.

The State contends that the minimal intrusion required could consist of defendant touching complainant's vaginal area over her shorts, citing *People v. Warren* (1991), 217 Ill. App. 3d 778, 785, 577 N.E.2d 936, and *People v. Velasco* (1991), 216 Ill. App. 3d 578, 575 N.E.2d 954. We are not persuaded by this authority. In *Warren* the complainant testified that the defendant touched her vagina over her shorts. The *Warren* court found that this established the slight intrusion into a person's sex organ required for criminal sexual assault, citing *People v. Gardner* (1988), 172 Ill. App. 3d 763, 527 N.E.2d 155. But in *Gardner* the defendant contended that one of his convictions of aggravated criminal sexual assault must be vacated because it was based on his conduct in unsuccessfully at-

tempting to penetrate the victim's vagina with his penis. In rejecting this contention, the *Warren* court stated:

> "Unlike the crime of rape, the offense of criminal sexual assault does not require physical penetration of a victim's vagina. Sexual penetration is defined as any contact, however slight, between the sex organ of one person and the sex organ of another person." (*Gardner*, 172 Ill. App. 3d at 766.)

The *Warren* court appears to have overlooked the statutory requirement of intrusion, rather than mere contact, when a part of the defendant other than his penis or mouth is involved.

In *Velasco* the victim testified that defendant had touched her genitals with his mouth. The court cited *Gardner* for the proposition that "criminal sexual assault does not require physical penetration of complainant's vagina" and so affirmed defendant's conviction of that offense. *Velasco*, 216 Ill. App. 3d at 588-89.

The defendant in this cause was alleged to have inserted his finger in the complainant's vagina; there was no evidence of contact by his mouth or penis. Because the evidence failed to establish even a minimal intrusion of the complainant's vaginal area by the defendant, we must reverse his conviction for aggravated criminal sexual assault. We note that defendant was also convicted of aggravated criminal sexual abuse, an offense which may include:

> "any intentional *** touching or fondling by *** the accused, either directly or through clothing, of the sex organs *** of the accused."

(Ill. Rev. Stat. 1991, ch. 38, pars. 12—12(e), 12—15, 12—16.) That conviction was merged into defendant's conviction of aggravated criminal sexual assault. Defendant has not challenged the indictment or conviction for this charge. We therefore remand defendant's cause to the circuit court for resentencing on the aggravated criminal sexual abuse conviction.

Reversed in part and remanded.

McNAMARA, P.J., and EGAN, J., concur.